UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>    Plaintiff,<br><br>  v.<br><br>M. THOMAS, et al.,<br><br>    Defendants. | No. 2:17-cv-2355 AC P<br><br><br>ORDER |

**I.  Introduction**

  Plaintiff is a state prisoner incarcerated at the California Health Care Facility (CHCF), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds through counsel with an application to proceed in forma pauperis and a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

  This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the undersigned grants plaintiff's request to proceed in forma pauperis, and provides plaintiff between proceeding on his current complaint and Eighth Amendment excessive force claim against defendant Thomas, or filing an amended complaint that attempts to clarify his state law claims against Thomas and add cognizable claims against Doe Health Care Providers 1 and 2.

////

**II.     In Forma Pauperis Application**

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 2, 5, 7. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**III.    Screening of Plaintiff's Civil Rights Complaint**

**A.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

**B.     Plaintiff's Allegations**

Plaintiff alleges that on February 16, 2017, defendant M. Thomas, a correctional officer at CHCF, in response to a "verbal disagreement" between plaintiff and Thomas, "deployed his MK-9 OC Pepper Spray cannister and sprayed Plaintiff in the face with it." ECF No. 1 at 5, 11. "As Plaintiff recoiled from the OC pepper spray, Defendant Thomas cocked his arm holding the

2

cannister back, shifted his weight forward, and intentionally drove the cannister against Plaintiff's head twice." Id. "Plaintiff collapsed to the ground while blood poured from [his] head wound," and lost consciousness Id. at 1, 5.  Plaintiff was transported by gurney for triaged medical care. Id. at 5, 9.  Plaintiff describes the MK-9 cannister as "made of metal and [] deployed by way of a pistol-shaped handle and trigger." Id. at 1.  The complaint variously alleges that Thomas acted "without provocation," "as a pretext to attack plaintiff," "with malice" and serving "no penological interest," despite plaintiff being "a compliant and calm person." Id. at 5, 7, 8,

Thomas charged plaintiff with a rules violation for "Assault on a Peace Officer," resulting in plaintiff's transfer to "Administrative Segregation and the deprivations inherent thereby, including changes to credit earnings, to custody level, to privilege group, and to visiting status." Id. at 5.  Defendant also referred the matter to the district attorney's office for felony prosecution, which declined to pursue the matter. Id. at 6.

Plaintiff further alleges that, "[a]s the medical effects of being clubbed in the head became apparent, Plaintiff reported symptoms of head, neck, and back pain, and of cognitive changes" to CHCF medical providers who "refused to comprehensively examine, diagnose, and treat Plaintiff . . . causing Plaintiff's condition to worsen over time." ECF No. 1 at 9-10, ¶¶ 58-61.[1]  Plaintiff does not expressly challenge the quality of his triaged medical care immediately after the incident.  The complaint identifies two allegedly responsible "Doe Health Care Providers."  "Doe Health Care Provider 1" is identified as plaintiff's primary care physician. Id. at 3, ¶ 12. "Doe

////

---

[1] Plaintiff explains that he is over 50 years of age and "suffers from multiple medical conditions and physical disabilities.  He primarily uses a wheelchair to ambulate." ECF No. 1 at 3.  He further describes his subject medical injuries as follows, id. at 6:
> Following the battery to Plaintiff's head, Plaintiff began to experience pain and cognitive deficits.  Plaintiff reported to his health care providers his head, neck, and back pain.  Plaintiff reported cognitive deficits.  Plaintiff experienced vertigo, problems concentrating, and problems writing.  The battery and fall exacerbated pre-existing, orthopedic issues, including worsening shoulder damage.  Plaintiff requested a proper diagnosis, including an MRI or CT Scan.  Defendant health care providers refused to take Plaintiff's reports seriously and denied any comprehensive diagnoses or treatment for his symptoms.

Health Care Provider 2" is broadly identified as "a health care provider employed by CDCR." Id. at 4, ¶ 13.

On the basis of these facts, plaintiff sets forth an Eighth Amendment excessive force claim against defendant Thomas; Eighth Amendment medical deliberate indifference claims against Doe Health Care Providers 1 and 2; state law claims for medical negligence against the Health Care Providers; and state law claims for battery and negligence against defendant Thomas. Plaintiff seeks compensatory and punitive damages, attorney fees and the costs of suit, and "such other and further relief as the court may deem proper." ECF No. 1 at 14.

### C. Analysis

#### 1. Defendant Thomas

##### a. Eighth Amendment Excessive Force Claims

The complaint states a cognizable Eighth Amendment claim against defendant Thomas for the use of excessive force. "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not ... use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)). When determining whether the force was excessive, we look to the "extent of the injury ..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321).

##### b. State Law Claims

The complaint also asserts state law tort claims against defendant Thomas for battery and negligence. Although the allegations may satisfy the elements of liability for such claims, the complaint fails to demonstrate compliance with the requirements of the California Tort Claims Act (CTCA). Under the CTCA, no action for damages may be commenced against a public

employee or entity unless a written claim was timely presented and acted upon before filing suit. See e.g. Cal. Govt. Code §§ 905, 945.4, 950.2.  The suit must "allege facts demonstrating or excusing compliance with the claim presentation requirements" or the claim is subject to dismissal for failure to state a cause of action.  State of California v. Superior Court (Bodde) (2004) 32 Cal. 4th 1234, 1239.  "The requirement that a plaintiff must affirmatively allege compliance with the CTCA [also] applies in federal court."  Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

Because the instant complaint does not allege compliance with the CTCA, plaintiff's state law claims against defendant Thomas are subject to dismissal.

### 2. Doe Health Care Providers 1 and 2

Inclusion of "Doe" defendants is generally disfavored in the Ninth Circuit.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, where a claim for relief has been adequately pleaded against a Doe defendant, it may proceed subject to future amendment to substitute the true name for a fictitiously named defendant.  See Merritt v. County of Los Angeles, 875 F.2d 765 (9th Cir. 1989).  Here, the claims against the Doe defendants are inadequate to proceed because the complaint does not identify specific acts by either Doe that allegedly violated the plaintiff's rights.  Accordingly, the complaint fails to meet the notice requirements of Rule 8(a), Federal Rules of Civil Procedure, as to the Doe defendants.  See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir.1982).

Although Doe 1 is identified as "Plaintiff's primary care physician . . . well aware of Plaintiff's medical history, complaints, and disabilities," ECF No. 1 at 3:18, the complaint does not identify any specific conduct by Doe 1 that is alleged to violate constitutional standards.  Similarly, Doe 2 is identified as "a health care provider employed by CDCR responsible for Plaintiff's health care," id. at 3:2, but the complaint lacks specific factual allegations regarding constitutionally inadequate care provided by Doe 2.  Accordingly, plaintiff's putative claims against these defendants for deliberate indifference to his serious medical needs and for medical negligence are not cognizable as framed.  See ECF No. 1 at 9-11, 12-13.

////

5

Because the complaint fails to establish any potential liability against these defendants, Doe Health Care Providers 1 or 2 are both subject to dismissal from this action.

### IV.     Optional Leave to Amend

For the reasons set forth above, this court finds that the only cognizable claim in the complaint is plaintiff's Eighth Amendment excessive force claim against defendant Thomas. Plaintiff may proceed forthwith on this claim against defendant Thomas, OR he may delay serving any defendant and file a First Amended Complaint (FAC) in an attempt to state cognizable state law claims against Thomas and add cognizable claims against specifically identified health care providers (whether named factiously or not).  A decision to go forward without amending the complaint requires plaintiff's consent to voluntarily dismiss the state law claims against defendant Thomas and to dismiss defendant Doe Health Care Providers 1 and 2.  If plaintiff elects to proceed on his original complaint, the court will direct CDCR to electronically serve process on defendant Thomas.

If plaintiff chooses to file a FAC, the complaint must allege in specific terms how each named defendant violated plaintiff's specific constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  See also Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (an amended complaint supersedes the prior complaint).  Therefore, in a FAC, each claim and the involvement of each defendant must be sufficiently alleged, even if previously adequate in the original complaint.

Plaintiff's counsel will be required to advise the court how plaintiff wishes to proceed, by completing and returning the attached Notice of Election form within forty-five (45) days.

////

**V.     Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis, ECF No. 2, 7, are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. In accordance with 28 U.S.C. § 1915A, the court has screened plaintiff's complaint and finds that it states a cognizable Eighth Amendment excessive force claim against defendant Thomas but does not state cognizable state law claims against Thomas or any cognizable claims against Doe Health Care Providers 1 or 2.

4. Plaintiff has the option of proceeding immediately on his federal claim against defendant Thomas OR filing a First Amended Complaint (FAC).

5. Within forty-five (45) days after the filing date of this order, plaintiff's counsel shall complete and return the attached Notice of Election form, informing the court whether plaintiff chooses to proceed on his original complaint as construed herein OR on a proposed FAC.

6. If plaintiff elects to proceed on his original complaint, the court will direct CDCR to serve process electronically on defendant Thomas, and plaintiff's choice will be construed as his consent to the voluntary dismissal of his state law claims against Thomas and the dismissal of Health Care Providers 1 and 2, pursuant to Federal Rule of Civil Procedure 41(a)(1).

7. If plaintiff chooses to proceed on a proposed FAC, the complaint must comply with the requirements set forth herein, bear the docket number assigned this case, and be labeled "First Amended Complaint."

8. The Clerk of Court is directed to send to plaintiff's counsel, together with a copy of this order, a blank form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

////

////

9. Should plaintiff fail to timely submit the Notice of Election form OR a proposed FAC, the undersigned will recommend the dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED: April 16, 2020

*Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>M. THOMAS, et al.,<br><br>　　　　　　Defendants. | No. 2:17-cv-2355 AC P<br><br><br>NOTICE OF ELECTION |

In compliance with the court's order filed _____, plaintiff elects to:

_____　Proceed on his original complaint against defendant Thomas only on an Eighth Amendment excessive force claim AND, pursuant to Federal Rule of Civil Procedure 41(a)(1), consent to the voluntary dismissal of plaintiff's state law claims against Thomas and the voluntary dismissal of defendants Doe Health Care Providers 1 and 2.

　　　　　　OR

_____　Proceed on a proposed First Amended Complaint (FAC), submitted herewith.

_____　　　　_____
Date　　　　　　　　　　　　　　　　　　　Plaintiff

9