UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, | No. 2:17-cv-2355 KJM AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| M. THOMAS, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding with counsel in this civil rights action brought under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is defendant's motion for summary judgment. ECF No. 25. Plaintiff has filed an opposition (ECF No. 30), and defendant has filed a reply (ECF No. 31). For the reasons stated below, the undersigned will recommend that the motion for summary judgment be denied.

I.   FIRST AMENDED COMPLAINT

The First Amended Complaint presents three claims arising from events that occurred in February 2017 while plaintiff was a patient at California Health Care Facility ("CHCF"): (1) excessive force in violation of the Eighth Amendment; (2) negligence; and (3) battery. ECF No. 12 at 1-2, 6-10. Plaintiff alleges that on February 16, 2017, during a conversation he was having with defendant, a correctional officer at CHCF, defendant sprayed pepper spray in his face and hit

him in the head twice with the spray canister, drawing blood and causing him to pass out. Id. at 4-5. The incident left plaintiff with head, neck, and back pain, as well as cognitive deficits. Id. at 5.

## II. MOTION FOR SUMMARY JUDGMENT

### A. Defendant's Motion

Defendant seeks summary judgment on the ground that plaintiff failed to exhaust his administrative remedies prior to initiating this lawsuit. ECF No. 25-1. Specifically, defendant contends that of three administrative appeals that plaintiff filed at CHCF, the first was cancelled as untimely; the second was cancelled at the final level of review; and the third was denied at the final level of review only after the instant suit was pending. Id. at 1-2.

### B. Plaintiff's Opposition

Plaintiff contends that administrative remedies were rendered effectively unavailable to him. ECF No. 30. He claims that prison officials mishandled his appeals and obstructed the appeals process, preventing him from exhausting his remedies. Id. at 3, 8-10, 13.

### C. Defendant's Reply

Defendant denies that there was any obstruction or misconduct, and argues that the fact plaintiff was able to move forward with the administrative appeals process at the time that he filed the original complaint establishes that the appeals process was available. ECF No. 31 at 1-2. Because plaintiff filed suit before completing the exhaustion process, defendant urges that summary judgment be granted. Id. at 2-3, 5-6, 8-9.

## III. GOVERNING LEGAL STANDARDS

### A. Summary Judgment

In general, summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a

genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  To meet this burden, the opposing party is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11.

The Ninth Circuit has laid out the specific analytical approach to be taken by district courts in assessing the merits of a motion for summary judgment based on the alleged failure of a prisoner to exhaust his administrative remedies:

> [T]he defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy.... Once the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. However, ... the ultimate burden of proof remains with the defendant.

Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (citation and internal quotations omitted).

    B. The Exhaustion Requirement

        1. The Prison Litigation Reform Act

Because plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under Section 1983.  42 U.S.C. § 1997e(a).  "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983."  Albino, 747 F.3d at 1171 (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).  "[F]ailure to exhaust is an affirmative defense under the PLRA."  Jones v. Bock, 549 U.S. 199, 216 (2007).  It is the defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy."  Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).  The burden then "shifts to the prisoner to come forward with evidence

////

3

showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

Regardless of the relief sought, "[t]he obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner, 532 U.S. 731 (2001)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate ... must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 578 U.S. 632, 642 (2016) (brackets in original). In Ross, the Supreme Court identified three circumstances in which administrative remedies may be considered effectively unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at 643-44. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.'" Id. at 639. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 639.

2. California Regulations Governing Exhaustion of Administrative Remedies

"The California prison system's requirements 'define the boundaries of proper exhaustion.'" Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S. at 218). In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules. Woodford, 548 U.S. at 90. At the time plaintiff filed the relevant grievances, the appeal process was initiated by an inmate' filing a "Form 602" the "Inmate/Parolee Appeal Form," "to describe the specific issue under appeal and
////

4

the relief requested." Id., § 3084.2(a).[1] "The California prison grievance system has three levels of review: an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

## IV. UNDISPUTED MATERIAL FACTS

For the purposes of summary judgment, the following material facts are either undisputed as stated by the parties, or they are undisputed as determined by the court. In light of the Ninth Circuit's decision in Saddozai v. Davis, 35 F.4th 705 (9th Cir. 2022), which is discussed below, the universe of material facts has significantly narrowed since the parties' submissions of the factual statements and supporting evidence. Only those facts material under Saddozai need be set forth here.

- The California Health Care Facility (CHCF) had an administrative appeals process in place on February 16, 2017, the date of the incident in question, and thereafter.
- Plaintiff, with the assistance of counsel, attempted to avail himself of the administrative appeals process at CHCF after the incident with defendant.
- Appeal CHCF-C-17-01519 ("Appeal 1519") presented the claim that defendant had used excessive force against plaintiff on February 16, 2017.[2]
- On July 14, 2017, Appeal 1519 was cancelled on the grounds that "the issue under appeal had been resolved at a previous level."[3]

---

[1] Cal. Code Regs. tit. 15, § 3084.2 et seq. have been repealed. In January 2022, regulations that generally parallel those found in the relevant repealed regulations were codified. See generally Cal. Code Regs. tit. 15, § 3480(a) (stating implementation date, definitions of similar regulations). However, because the repealed regulations were applicable at the time plaintiff filed the complaint and defendant filed the motion to dismiss, the court cites herein to the repealed regulations that are referenced by the parties in their pleadings.

[2] See ECF No. 25-3 (Moseley declaration identifying Appeal 1519 as one that "contained allegations about matters pertaining to the use of excessive force by Defendant Thomas on February 16, 2017"); ECF No. 25-4 at 3 (DeJesus declaration stating Appeal 1519 requested an investigation into use of force, which was granted); see also ECF No. 30-2 at 3 (plaintiff's declaration stating appeal eventually logged as Appeal 1519 was a staff complaint that had been submitted on a 602 form); ECF No. 30-4 at 81 (plaintiff's request to have investigation into use of deadly force stemming from the February 16, 2017 incident).

[3] ECF No. 25-2 at 3-4 (DUF at 17); ECF No. 30-4 at 76 (OOA letter provided by plaintiff).

- Appeal 1519 was resubmitted and reached the third level of review by the Office of the Appeals ("OOA") on or before October 20, 2017.[4]
- Appeal 1519 was cancelled on December 11, 2017, for exceeding time constraints to submit the appeal.[5]
- Plaintiff contested the cancellation of Appeal 1519 to the OOA on or around December 27, 2017.[6]
- The December 2017 appeal was denominated as Appeal OOA 17-06745 and 1716176.[7]
- On March 8, 2018, on third level review in Case No. 1716176 / OOA 17-06745, the OOA denied plaintiff's appeal of the cancellation of Appeal 1519.[8]
- The Third Level Appeal Decision dated March 8, 2018, stated: "This decision exhausts the administrative remedy available to appellant within CDCR."[9]

## V. DISCUSSION

The parties dispute whether the institution's handling of plaintiff's grievances between February 17, 2017 and November 9, 2017, when the initial complaint was filed, rendered the administrative process effectively unavailable to plaintiff during that period. That issue need not be reached. For the reasons that follow, the court finds that defendant has not satisfied his initial burden of demonstrating non-exhaustion. See Albino, F.3d at 1172. Pursuant to Saddozai v. Davis, supra, the court finds that because plaintiff's claim was exhausted at the time the operative

---

[4] See ECF No. 25-2 at 4 (DUF 18); ECF No. 25-3 at 68-69 (March 8, 2018, third level appeal decision provided by defendant); ECF No. 30-4 at 101-102 (same decision provided by plaintiff).
[5] See ECF No. 25-3 at 3 (Moseley declaration); 41 (OOA cancellation letter dated December 11, 2017, provided by defendant); ECF No. 30-4 at 105 (same letter provided by plaintiff).
[6] See ECF No. 25-3 at 3 (Moseley declaration); 70 (plaintiff's 602 appeal stamped December 27, 2017).
[7] See id.
[8] See ECF No. 25-3 at 3 (Moseley declaration); 68-69 (March 8, 2018, third level appeal decision provided by defendant); see also ECF No. 30-4 at 101-102 (March 8, 2018, third level appeal decision provided by plaintiff). Defendant asserts, and plaintiff does not dispute, that that the third level of review, Appeal 1519, was named and identified as Appeal 17-06745 / 1716176. See generally ECF No. 25-2 at 3-4 (DUF 17-19); ECF No. 30-1 at 9 (plaintiff's response to DUF 17-19).
[9] ECF No. 30-4 at 102.

first amended complaint was filed, the non-exhaustion defense necessarily fails.

### A. Plaintiff Exhausted His Administrative Remedies by Appealing the Cancellation of Appeal 1519, and Pursuing the Appeal of Cancellation to the Third Level

To exhaust, an inmate must "use all the steps the prison holds out, enabling the prison to reach the merits of the issue." Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009); see also Brown, 422 F.3d at 935 (the obligation to exhaust available remedies persists as long as *some* remedy remains available). Because exhaustion requires compliance with procedural requirements, Woodford, 548 U.S. at 90, the initial rejection of an appeal on procedural grounds must itself be appealed to the highest level in order to exhaust. Accordingly, the exhaustion of an appeal of cancellation (or of other procedural rejection of a grievance) serves to exhaust the underlying claim. See Payne v. Baser, No. 2:20-cv-0553 TLN KJN P, 2021 WL 1238313 at *8, 2021 U.S./ Dist. LEXIS 65166 at *21 (E.D. Cal. Apr. 2, 2021) ("[I]n order to exhaust administrative remedies, plaintiff was required to appeal the cancellation decision regarding grievance."); Foster v. Baker, No. 1:18-cv-1511 DAD SAB P, 2020 WL 5658238 at *5 (E.D. Cal. Sept. 23, 2020) ("Because CDCR allows the inmate to appeal the rejection and/or cancellation decisions, in order to exhaust, Plaintiff would have to establish that he appealed the cancellation."); see also, Wilson v. Zubiate, 718 F. App'x 479, 482 (9th Cir. 2017) (because appeal of cancellation left open possibility of some relief, procedure did not operate as "dead end"); Cortinas v. Portillo, 754 F. App'x 525, 527 (9th Cir. 2018).

Plaintiff's appeal of the cancellation of his excessive force grievance was decided at the Third Level of review on March 8, 2018, exhausting his administrative remedies.

### B. The Claim Was Exhausted Prior to Filing of the Operative Amended Complaint

This lawsuit was commenced with the filing of the initial complaint on November 9, 2017, ECF No. 1, before plaintiff's administrative remedies were exhausted. The operative complaint is the First Amended Complaint, which was filed on April 22, 2020. ECF No. 12.

It is elementary that "an amended complaint supersedes the original, the latter being treated thereafter as non-existent." Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) (citations omitted). Where an amended pleading has been filed in a prisoner case,

the Ninth Circuit accordingly has treated its filing date as the relevant date for purposes of PLRA exhaustion analysis. First, in Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010), the Court of Appeals held that newly-exhausted claims could be added by amendment in a pending case. Next, in Jackson v. Fong, 870 F.3d 928 (9th Cir. 2017), the court held that an amended complaint filed after plaintiff's release from custody was no longer subject to the exhaustion requirement at all, because at the time of filing plaintiff was no longer a prisoner. Id. at 934. Most recently, in Saddozai v. Davis, 35 F.4th 705 (9th Cir. 2022), on facts closely analogous to those presented here, the court held that initial non-exhaustion could be cured by amendment following exhaustion.

In Saddozai, as in this case, the plaintiff had submitted grievances regarding a use of force incident that were rejected for procedural reasons. While continuing his attempt to navigate the procedural hurdles of the administrative appeals process, but before completing that process, he filed a lawsuit. The administrative process was eventually completed approximately four and a half months after the initial complaint was filed. Plaintiff subsequently amended his complaint twice, with leave of court. Defendants moved to dismiss the third amended complaint on grounds including failure to exhaust the excessive force claim prior to commencing suit, and the district court granted the motion. The Ninth Circuit reversed. Calling it "a simple case," 35 F.4th at 708, the court held squarely that the PLRA's exhaustion requirements apply based on the filing date of the operative complaint. The court expressly recognized that the filing of an amended pleading can cure initial non-exhaustion of a claim. Id. at 709. Saddozai rejected the theory, forwarded by defendant here, that the date of the initial complaint is controlling as to claims that had been presented in the initial complaint. After Saddozai it is clear that inmate plaintiffs may not only seek to add newly-exhausted claims by amendment as permitted under Rhodes, they may also by post-exhaustion amendment defeat the assertion of the "non-jurisdictional affirmative defense" of non-exhaustion. Id.

Because plaintiff's excessive force claim was exhausted on March 8, 2018, prior to the filing of the amended complaint on April 22, 2020, defendant's non-exhaustion defense cannot support summary judgment.

## CONCLUSION

For the reasons explained above, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 25) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 10, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE