UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Darryl Dunsmore, | No. 2:17-cv-02355-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| M. Thomas, | |
| Defendant. | |

As explained in this order, plaintiff's motion (ECF No. 53) to enforce the settlement agreement is **denied**.

Plaintiff Darryl Dunmore, who is in the custody of the California Department of Corrections and Rehabilitation (CDCR), filed this action against defendant M. Thomas, a correctional officer. *See generally* First Am. Compl., ECF No. 12. Dunsmore alleged Thomas sprayed him with pepper spray and struck his face with the pepper spray cannister, all without provocation. *See id.* ¶¶ 22–23. Dunsmore also alleged Thomas falsely charged him with a rules violation for assaulting an officer. *See id.* ¶ 26. As a result, Dunsmore alleged, he was sent to administrative segregation and lost good time credits, among other deprivations. *See id.* Dunsmore claimed in this case that Thomas's actions violated his constitutional right against cruel and unusual punishments under the Eighth Amendment, *see id.* ¶¶ 38–53, and he alleged Thomas was liable under state tort law, *see id.* ¶¶ 54–70.

After Thomas's motion for summary judgment was denied, the parties participated in a settlement conference before the assigned Magistrate Judge. *See* Mins., ECF No. 49. The case settled. *See id.* Dunsmore has filed a copy of the written settlement agreement on the docket, and Thomas does not dispute it is an accurate copy. ECF No. 53. In the agreement, CDCR agreed to pay Dunsmore $52,000 on behalf of Thomas, and Dunsmore agreed to sign a stipulation for the voluntary dismissal of this action. *See id.* at 1. The written agreement also provides that CDCR was not required to perform any "other actions," *id.* at 2, that the consideration identified in the written agreement was the "only consideration," *id.* at 3, and that the written settlement agreement was an "integrated agreement" i.e., that "there are no other agreements, written or oral, express or implied, between the parties," *id.* As agreed, Dunsmore and Thomas stipulated to the dismissal of this case under Rule 41(a)(1)(A)(ii), and the case was closed. *See* Stip., ECF No. 50; Clerk's Not., ECF No. 51. The court retained jurisdiction to enforce the settlement agreement. *See* Mins., ECF No. 49.

A few months later, Dunsmore moved pro se to enforce the settlement agreement even though he had previously been represented by counsel in this matter. *See generally* Mot. Enforce, ECF No. 53. Citing the parties' agreement to release one another of "any and all liability," he contends CDCR and Thomas had an obligation to withdraw the rules violation report for assaulting an officer. *See id.* at 1–2. The court set briefing deadlines and a hearing date. *See* Order (Feb. 4, 2025), ECF No. 54. Briefing is now complete. *See generally* Opp'n, ECF No. 57; Reply, ECF No. 61. Dunsmore's counsel has withdrawn, and he is proceeding pro se. ECF No. 59. The court took the matter under submission without holding a hearing. Min. Order, ECF No. 63.

A settlement agreement is a contract, and a motion to enforce a settlement agreement "essentially is an action to specifically enforce a contract." *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989). "The interpretation of a settlement agreement is governed by principles of state contract law. This is so even where a federal cause of action is 'settled' or 'released.'" *Botefur v. City of Eagle Point, Or.*, 7 F.3d 152, 156 (9th Cir. 1993) (citing *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990) and quoting *United Com. Ins. Serv., Inc. v. Paymaster*

2

1   *Corps.*, 962 F.2d 853, 856 (9th Cir. 1992)). "Under California law, the intent of the parties
2   determines the meaning of the contract." *United Com. Ins.*, 962 F.2d at 856. "The relevant intent
3   is 'objective'—that is, the intent manifested in the agreement and by surrounding conduct—rather
4   than the subjective beliefs of the parties." *Id.* (quoting *Laws. Title Ins. Corp. v. U.S. Fid. & Guar.*
5   *Co.*, 122 F.R.D. 567, 569 (N.D. Cal. 1988)). "For this reason, the true intent of a party is
6   irrelevant if it is unexpressed." *Id.*

7       As summarized above, the settlement agreement between Dunsmore, CDCR and Tomas
8   requires CDCR to pay the $52,000 sum. *See* Settlement Agreement at 2–3. It does not include
9   promises related to the rules violation report. It makes clear to the contrary that there is no other
10  "consideration," no other "representations, promises, or inducements," and no agreement beyond
11  the written agreement itself. *Id.* If Dunsmore had different intentions or expectations, they
12  remained "unexpressed" and so are "irrelevant." *United Com. Ins.*, 962 F.2d at 856 (quoting
13  *Laws. Title Ins.*, 122 F.R.D. at 569). CDCR and Thomas have no obligation to withdraw the rules
14  violation report.

15      Dunsmore is correct that the settlement agreement recites his and the other parties' intent
16  "to discharge each other from any and all liability with reference to [his] claims." Settlement
17  Agreement at 1; *see also* Mot. at 1. But this recital cannot reasonably be interpreted as expressing
18  an intent to withdraw the rules violation report. If that report were false, as Dunsmore alleged,
19  and if he proved that allegation at trial, then Thomas might have become liable to him for
20  maintaining it. But the case did not go to trial. Dunsmore agreed to dismiss his claims and end
21  the case in exchange for payment.

22      The court addresses two administrative matters in conclusion. First, Thomas contends he
23  specifically rejected Dunsmore's request to withdraw the rules violation report during the
24  settlement conference. *See* Opp'n at 7; *see also* Mathison Decl. ¶¶ 2–4, ECF No. 57. He also
25  argues he would not and could not have agreed to withdraw the rules violation report in any
26  event, citing *Heck v. Humphrey*. *See* Opp'n at 7 (citing 512 U.S. 477 (1994)). This type of
27  extrinsic evidence might be admissible if the settlement agreement were ambiguous. *See Winet v.*
28  *Price*, 4 Cal. App. 4th 1159, 1165 (1992). But Thomas has not identified any relevant ambiguity,

so the court has relied solely on the written agreement. Second, Dunsmore makes a number of new arguments in his reply about various fees, trust account balances and the fee agreement he signed with the attorney who previously represented him in this matter. *See* Reply at 2. He adds more detail to these claims in an unauthorized supplemental filing. ECF No. 64. The court has not considered these new arguments or the evidence Dunsmore offers in support of them, as doing so would unfairly deprive Thomas of an opportunity to respond. Nor does Dunsmore connect his new arguments and evidence to the terms of the settlement agreement he seeks to enforce. Dunsmore also appears to assert in his supplemental filings his attorney has violated their separate fee agreement. The court has not retained jurisdiction to adjudicate any such claim and has no independent jurisdictional basis to do so. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994).

The motion to enforce (ECF No. 53) is **denied**.

IT IS SO ORDERED.

DATED: April 4, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE